IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ELICEO GUEVARA                                                                        PLAINTIFF

v.                                          CIVIL NO. 17-5081

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                                        DEFENDANT

### **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Eliceo Guevara, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff protectively filed his current application for DIB on August 15, 2014, alleging an inability to work since November 18, 2013, due to a back injury, diabetes and high cholesterol. (Tr. 71,155). An administrative video hearing was held on July 22, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 56-70).

By written decision dated January 20, 2016, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16). Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative

1

disc disease of the back and diabetes mellitus. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 404.1567(b) except that he can only occasionally climb, balance, crawl, kneel, stoop, and crouch.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a poultry deboner, a poultry eviscerator and an extrusion press operator II. (Tr. 23).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on March 6, 2017. (Tr. 1-3). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 15, 16).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.   Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the

Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Claimant must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Claimant's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 404.1520.

**III. Discussion:**

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ determined Plaintiff was able to perform light work with limitations. In making this RFC determination, the ALJ gave great weight to the opinion of Dr. Ted Honghiran, an examining orthopedic consultant, as well as, the opinions of two non-examining medical consultants. A review of the record revealed that on November 16, 2015, Plaintiff underwent a consultative orthopedic examination performed by Dr. Honghiran. (Tr. 375-377). After examining Plaintiff, Dr. Honghiran completed a medical source statement of ability to do work-related activities. (Tr. 378-383). Dr. Honghiran opined that Plaintiff could frequently lift and/or carry up to 20 pounds and occasionally lift and/or carry up to 100 pounds; could sit for a total of four hours in an eight-hour workday, one hour without interruption; and

4

could stand/walk for up to a total of two hours each in an eight-hour workday, one hour without interruption.

After reviewing the record, the Court is troubled by the ALJ's failure to address Dr. Honghiran's findings with respect to sitting, standing and walking. While the record does contain the assessments of two non-examining medical consultants opining Plaintiff could perform the sitting, standing and walking requirements of light work, these assessments were completed prior to Dr. Honghiran's evaluation. The ability to perform light work requires the ability to stand and walk for a total of six hours out of an eight-hour workday. See Social Security Ruling 83–10. And, the record currently before this Court does not make clear that the Plaintiff could do so. See Finch v. Astrue, 547 F. 3d 933, 937-938 (8th Cir. 2008) (ALJ must not substitute his opinions for those of the physician). After reviewing the record, Court believes remand is necessary for the ALJ to more fully and fairly develop the record regarding Plaintiff's physical RFC for the time period in question.

On remand, the ALJ is directed to re-contact Dr. Honghiran, asking him to provide the objective basis for the exertional limitations imposed. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

**IV.    Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions**

**of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of March 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE

Case 5:17-cv-05081-PKH Document 17 Filed 03/30/18 Page 6 of 6 PageID #: 447